UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>FRANKLIN PHILIPPS, as the Natural</u>
<u>Parent of AYANDI PHILIPPS,</u>
<u>YVONNE LAZARE, as the Natural</u>
<u>Parent of AYANDI PHILIPPS,</u>
<u>JOSEPH H. GANGUZZA, as the</u>
<u>Personal Representative of the</u>
<u>Estate of AYANDI PHILIPPS, Deceased,</u>
<u>and FRANKLIN PHILIPPS, individually,</u>

    v.                        Civil No. 07-382-JL
                                     Opinion No. 2008 DNH 110

<u>Hubert Talty</u>

**O R D E R**

    Plaintiffs Franklin Philipps and Yvonne Lazare brought this personal injury and wrongful death action against defendant Hubert Talty arising out of a 2005 automobile collision on the island of St. Martin.  The plaintiffs are the parents of Ayandi Philipps, who was killed in the accident.[1]

    "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, ...."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  Jurisdiction, unchallenged by the defendant, lies in this court under 28 U.S.C. § 1332 (diversity) (2000), and

---

    [1] Joseph H. Ganguzza, a third plaintiff in the case, is the personal representative of the Estate of Ayandi Philipps.

specifically § 1332(a)(2) (suit between citizen of a state and citizens or subjects of a foreign state).

The defendant moved to dismiss this matter under the doctrine of *forum non conveniens*.  See Fed. R. Civ. P. 12(b)(2). After a hearing, and for the reasons set forth <u>infra</u>, the motion to dismiss is <u>granted</u>, albeit conditionally, and without prejudice.


I.   <u>BACKGROUND</u>

On December 7, 2005, plaintiff Ayandi Philipps, an infant, was a passenger in a car driven by her father, plaintiff Franklin Philipps, when it was struck by another vehicle driven by defendant Hubert Talty.  The accident took place in St. Martin, located on a Caribbean island under the governance of two nations:  France and the Netherlands Antilles.[2]  Franklin Philipps and Ayandi Philipps were residents of the southern Dutch half of the island, Sint Maarten.  Franklin Philipps was

---

[2] Although the following information was provided by neither party, the court <u>sua</u> <u>sponte</u> takes judicial notice that St. Martin/St. Maarten is an island in the Caribbean, southeast of Puerto Rico.  The island is politically divided (roughly in half) between France (St. Martin) and the Netherlands Antilles (Sint Maarten).  The northern half of the island is part of the Overseas Department of Guadalupe, France, and it employs the French legal system.  Fed. R. Evid. 201(c); Central Intelligence Agency, THE WORLD FACTBOOK (2008), https://www.cia.gov/library/publications/the-world-factbook/geos/rn.html.

seriously injured in the crash and Ayandi Philipps was killed.  A French court subsequently found Hubert Talty guilty of involuntary homicide in Ayandi Philipps's death.

The plaintiffs, apparently exercising a right under the provisions of the defendant's insurance policy, brought a wrongful death action against the defendant's insurance carrier in the United States District Court for the Southern District of Florida.  The insurance company moved to dismiss that case under the doctrine of *forum non conveniens*, and alternatively, to transfer venue to the District of New Hampshire under 28 U.S.C. § 1404(a) (2000).  On June 27, 2007, District Judge Huck of the Southern District of Florida dismissed the case on *forum non conveniens* grounds with leave to re-file in New Hampshire or St. Martin.  The plaintiffs then filed the current action in this court on November 29, 2007.

## II.  <u>THE APPLICABLE LEGAL STANDARD</u>

*Forum non conveniens* is "a discretionary tool for the district court to dismiss a claim, even when it has proper jurisdiction." <u>Adelson v. Hananel</u>, 510 F.3d 43, 52 (1st Cir. 2007) (citing <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501 (1947) and <u>Koster v. Lumbermens Mut. Cas. Co.</u>, 330 U.S. 518 (1947)).

3

> [A] supervening venue provision, permitting
> displacement of the ordinary rules of venue when,
> in light of certain conditions, the trial court
> thinks that jurisdiction ought to be declined, . .
> . *forum non conveniens* has continuing application
> [in federal courts] only in cases where the
> alternative forum is abroad, and perhaps in rare
> cases where a state or territorial court serves
> litigational convenience best.

Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., ___

U.S. ___, 127 S. Ct. 1184, 1190 (2007) (brackets in original)

(internal citations omitted) (citing American Dredging Co. v.

Miller, 510 U.S. 443, 449 n.2, 453 (1994) and 14D Charles Alan

Wright et al, Federal Practice and Procedure § 3828, at 620-23

and nn.9-10 (3rd ed. 2007)).

This discretionary power, however, is "limited by the

overarching principle that a plaintiff's choice of forum should

rarely be disturbed." Adelson, 510 F.3d at 52 (quotations

omitted); see also Howe v. Goldcorp Inv., Ltd., 946 F.2d 944, 950

(1st Cir. 1991) (*forum non conveniens* is intended to avoid trials

in places so inconvenient that transfer is needed to avoid

serious unfairness). A defendant moving for dismissal on *forum*

*non conveniens* grounds "bears the heavy burden of establishing

that an adequate alternative forum exists and that considerations

of convenience and of judicial efficiency strongly favor

litigating the claim in the second forum." Adelson, 510 F.3d at

52 (quotations omitted) (citing Iragorri v. Int'l Elevator, Inc.,

4

203 F.3d 8, 12 (2000)).  Where, as here, "the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate in such cases is less reasonable."  <u>Sinochem</u>, 127 S. Ct. at 1191 (quotations omitted) (quoting <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255-56 (1981)).  <u>See</u> <u>Ford v. Brown</u>, 319 F.2d 1302, 1307 (11th Cir. 2003) ("bias towards plaintiff's choice of forum is much less pronounced when the plaintiff is not an American citizen or resident."  (quotations omitted)).

Although this standard has been described as requiring a showing of "oppressiveness and vexation to a defendant as to be out of all proportion to [a] plaintiff's convenience," <u>Nowak v. Tak How Inv., Ltd.</u>, 94 F.3d 708, 720 (1st Cir. 1996), the First Circuit subsequently clarified that "the term 'oppressiveness and vexation' neither created an independent standard nor raised the bar for dismissal in *forum non conveniens* cases."  <u>Iragorri</u>, 203 F.3d at 15.[3]

---

[3]  The plaintiffs, in their objection and at the hearing, rely heavily on <u>Reid Walen v. Hansen</u>, 933 F.2d 1390, 1395-96 (8th Cir. 1991), to assert that because the defendant is a New Hampshire resident and the action was transferred to this district, there is a strong presumption that New Hampshire is the appropriate forum.  This argument fails.

III. **ANALYSIS**

To obtain a dismissal on *forum non conveniens* grounds, a defendant must make a two-part showing:  (1) "that an adequate alternative forum exists," and (2) "and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum."  Iragorri, 203 F.3d at 12 (citing Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423-24 (1st Cir. 1991)); Adelson, 510 F.3d at 52.

---

First, the plaintiffs' reliance on Reid-Walen is misplaced. In that case, the court was concerned that insufficient weight was given to the plaintiffs' forum choice.  Id. at 1396.  The court went to great lengths, however, to emphasize that *both* parties were United States citizens, and stated that "[a]t least when the plaintiff is a U.S. citizen with a real interest in the controversy, the plaintiff's forum choice always should be accorded substantial deference at the outset."  Id.  (Emphasis omitted.)  The court recognized that with respect to the plaintiff's citizenship, "in *forum non conveniens* cases involving a potential reference to a foreign court, the relevant distinction is whether or not the plaintiff who has selected the federal forum is a United States citizen."  Id. at 1394 (italics added).  It noted that "[n]umerous cases . . . have held that foreign plaintiffs deserve less deference in their choice of forum than do citizens or residents of the United States."  Id. at 1395 n. 6.  Accordingly, two important distinctions render the plaintiffs' reliance on Reid unpersuasive:  (1) Reid relied strongly on plaintiffs' United States citizenship, and (2) because of their citizenship, there was a high level of deference given to the plaintiffs' choice of forum.  Therefore, although the defendant's citizenship and residence in this case is one of the factors to be balanced when considering whether dismissal is appropriate, the fact that the defendant resides in New Hampshire does not have the presumptive weight urged by the plaintiffs.

6

**A.**   **Alternative Forum**

"Courts generally deem the first requirement satisfied if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amendable to service of process there." Iragorri, 203 F.3d at 12 (citing Piper Aircraft, 454 U.S. at 254 n.22). The plaintiffs do not claim that the French courts of St. Martin would provide anything less than full redress in a wrongful death case like theirs.  The disagreement here is over the defendant's amenability to defending suit in St. Martin.

The defendant believes he has satisfied this component of the alternative forum requirement with an express certification, on the record in this litigation (both in a pleading and in an attached affidavit) that he consents to the personal jurisdiction of the St. Martin courts for purposes of this action.  The plaintiffs question how such a stipulation is enforceable in St. Martin, arguing that a French court there cannot compel the defendant's attendance.  What is more, say the plaintiffs (and the defendant disagrees), since the defendant is now a felon in St. Martin based on the involuntary homicide conviction arising from the accident, the French Immigration Code renders him unable to enter St. Martin.

While the vast majority of factors to be considered under
the applicable precedent militate in favor of a *forum non
conveniens* dismissal in favor of St. Martin as a venue (see infra
Part II(B)), the court shares the plaintiffs' concerns regarding
the defendant's amenability to service of process, compliance
with a St. Martin court's orders, and satisfaction of its
eventual judgment.  At oral argument, defendant's counsel assured
the court not only that the defendant would submit to St. Martin
jurisdiction, but that he would personally appear there, and that
his insurance carrier (which retained defendant's counsel) would
satisfy any adverse judgment up to the policy limit.  These
assurances, in addition to the conditions set forth infra at Part
IV, satisfy the "alternative forum" requirement.  See Mercier v.
Sheraton Int'l, Inc., 981 F.2d 1345, 1350 (1st Cir.), cert.
denied, 508 U.S. 912 (1992).


**B.   Considerations of convenience and judicial efficiency**

"The second-stage inquiry . . . directs the trial court to
balance an array of factors relevant to both private and public
interests, and to ascertain whether that balance justifies
dismissal."  Iragorri, 203 F.3d at 15.  This balancing test
"hinges on whether [the defendant] can show that considerations
of convenience and judicial efficiency strongly favor the

proposed alternative forum." Id.  "In all events, as to both
private and public interests, flexibility is the watchword."  Id.
at 12.  The First Circuit has noted that while the compendia of
factors provided by the Supreme Court is a helpful starting
point, "not every item applies in every case and, in the last
analysis, the list of factors is illustrative rather than all-
inclusive.  The ultimate inquiry is where trial will best serve
the convenience of the parties and the ends of justice."  Id.
(quotations and brackets omitted) (quoting Koster, 330 U.S. at
527)).

> 1.   *Private-interest factors*

The "private interest" factors have been discussed by both
the Supreme Court and the First Circuit:  "the relative ease of
access to sources of proof; availability of compulsory process
for attendance of unwilling, and the cost of obtaining attendance
of willing, witnesses; and the possibility of view of premises,
if [a] view would be appropriate to the action," Iragorri, 203
F.3d at 12 (brackets omitted) (quoting Gulf Oil Corp., 330 U.S.
at 508), as well as "all other practical problems that make trial
of a case easy, expeditious and inexpensive." Gulf Oil Corp.,
330 U.S. at 508.  The First Circuit has added, however, that
there is "no doubt that the flip side of this coin has equal

pertinence; the judge must consider those factors that threaten to make trial more cumbersome, prolong it, or drive up costs." Iragorri, 203 F.3d at 12.  In this case, the private factors weigh more heavily on the St. Martin side of the scale.

The location of the accident, and thus, of any view of the accident scene by the trier of fact, is on St. Martin.[4]  The plaintiffs reside in Sint Maarten, in close proximity to the accident site, albeit on the southern Dutch side of the small island.[5]  The other driver involved in the three-vehicle accident lives on St. Martin.  All of the investigating law enforcement, emergency and attending medical personnel reside on St. Martin. All but two of the eyewitnesses (those being the defendant and his passenger), any or all of who may provide relevant admissible testimony, reside on St. Martin.[6]  The defendant also points out

---

[4]  The court acknowledges that neither party has apprised it of whether the applicable rules of procedure in a St. Martin court permit the trier of fact to take a view.

[5]  At 54.4 square kilometers in area, St. Martin/St. Maarten is the smallest landmass in the world shared by two independent states.  Central Intelligence Agency, supra note 2.

[6]  Such testimony may be admissible on the issue of damages based on the plaintiffs' claims for pain and suffering and mental anguish.  To the extent that the doctrine of comparative fault would impact the determination of liability, those witnesses may also provide relevant evidence on that issue, even if, as the plaintiffs suggest, the defendant is strictly liable under French law based on the criminal conviction.

that the hospitals and medical facilities where the decedent and the plaintiffs received treatment are located on St. Martin, but this factor is less persuasive than the others.  The same is true of the fact that the Gendamerie Nationale (police force) that investigated the accident maintains its headquarters in St. Martin.

More important, however, is that all of the pertinent reports and records generated out of the investigation and medical treatment are in French, the language in which French courts located in St. Martin conduct their proceedings, and which the vast majority of witnesses in this case speak.  While the cost of transporting these records to counsel and a court in New Hampshire may not be overly burdensome, translating the records and testimony, and resolving any disagreements as to the translations, could prove costly, time consuming and inefficient to both the parties and the court.

Although both the defendant and the passenger in his car at the time of the accident (also presumably a trial witness) live in New Hampshire, their participation in the trial probably constitute the only private factors that favor a New Hampshire forum.  Comparing the courts' relative access to sources of proof and ability to secure the attendance of willing and unwilling witnesses, the French courts in St. Martin have the clear edge.

"[O]nly [French] courts, not courts within the United States,
have the legal power to compel the testimony of [St. Martin-
based] potential witnesses who are not under the control of any
party." Howe, 946 F.2d at 951 (references to Canadians replaced
with bracketed language).  The cost of doing so by either the
parties or a court is less in St. Martin than it would be in New
Hampshire.  Taken together, these factors, considered in light of
the "practical problems that make trial of a case easy,
expeditious and inexpensive," Gulf Oil Corp., 330 U.S. at 508,
strongly favor *forum non conveniens* relief.

### 2. *Public-interest factors*

> Factors relevant to the public interest include
> such things as the administrative difficulties
> of docket congestion; the general goal of "having
> localized controversies decided at home," and
> concomitantly, ease of access to the proceedings
> on the part of interested citizens; the trier's
> relative familiarity with the appropriate rules of
> decision; and the burdens of jury duty.

Iragorri, 203 F.3d at 12 (quoting Gulf Oil Corp., 330 U.S. at
508-09). Here again, these factors largely favor St. Martin as a
venue for this litigation.

While the administrative difficulties of docket congestion
are not troubling in this case, the same cannot be said of the
burdens on jurors.  A New Hampshire trial would be heard by

12

jurors that have no relation at all to the action, other than being residents of the same state as the defendant.  As for New Hampshire's interest in the dispute, the plaintiffs argue without elaboration, that a defendant's home forum "always has an interest in providing redress for injuries caused by its citizens."  Somewhat surprisingly, they further argue that "albeit tragic[,]" the accident "was not an event of broad public interest in St. Martin."  The notion that New Hampshire's interest in providing redress for injuries caused by one of its residents somehow outweighs St. Martin's interest at providing redress for the death of an infant resident of the island caused by the criminal negligence of a visiting foreigner strikes the court as counterintuitive.  St. Martin's interest in the case far outweighs New Hampshire's interest.

Finally, the parties agree that French law is controlling in this litigation.  While the need to apply a foreign law is not in and of itself a reason to dismiss on *forum non conveniens* grounds, in that federal courts should not shirk their responsibility to interpret and apply foreign law, see Omni Hotel Mgmt. Corp. v. Round Hill Dev., Ltd., 675 F.Supp. 745, 753 (D.N.H. 1997).  This is especially true where, as here, (a) the foreign law to be applied is familiar to and accessible by the forum in which the litigation will inevitably be re-initiated;

13

(b) the parties differ as to how the foreign law in question applies to the facts at bar; and (c) other public and private factors militate in favor of an alternative venue which is capable of providing adequate redress or relief. See generally Howe, 946 F.2d at 951-53. "The need to apply foreign law does not ineluctably point to dismissal if a balancing of relevant factors indicates a plaintiff's choice of forum is appropriate." Id. (citing Piper Aircraft Co., 454 U.S. at 260 n.29 (emphasis added). Here, the factors suggest the alternative forum is the superior one. The "public interest" factors favor a *forum non conveniens* dismissal of the case.[7]

---

[7] At the hearing, the plaintiff asserted that in the interest of international comity this court should not dismiss their case. "Comity refers to the spirit of cooperation in which a domestic tribunal approaches the resolution of cases touching laws and interests of other sovereign states." See Ford v. Brown, 319 F.3d 1302, 1309-10 (11th Cir. 2003)(quotation omitted). Specifically, the plaintiffs asserted that when the defendant entered his plea in the underlying criminal case, the St. Martin court allowed the plaintiffs to reserve the right to pursue a civil suit in the United States. The plaintiffs assert that comity concerns demand that this court must respect the St. Martin court's order allowing suit outside St. Martin. In fact, comity concerns weigh more heavily in favor of St. Martin as an appropriate forum because the alleged drunk driving incident took place in that forum and St. Martin has a strong interest in adjudicating civil culpability for a death within its territorial boundaries. See Howe, 946 F.2d at 953 (dismissal proper even though plaintiff is an American where all relevant events took place in Canada and concerned "matters principally of concern to Canada and Canadians"), Brown, 319 F.3d at 1309-10, (comity concerns weighed in favor of foreign forum where dispute involved events taking place in Hong Kong); cf. Omni Hotels, 675 F. Supp.

IV.   **CONCLUSION**

As Judge Huck ruled in dismissing the plaintiffs' related action in the Southern District of Florida, "this case has everything to do with St. Martin," <u>Philipps v. Metro. Prop. & Cas. Ins. Co.</u>, No. 07-20766-Civ, slip op. at 2 (S.D.Fla. June 22, 2007).  The court finds that the defendant has satisfied his burden of establishing that an adequate alternative forum exists in St. Martin, and that the considerations of convenience and judicial efficiency strongly favor litigating the claim there. <u>Adelson</u>, 510 F.3d at 52.  Despite the defendant's assurances that he will submit to the jurisdiction of the French court in St. Martin, this court remains concerned about the defendant's felony conviction in that jurisdiction and its effect, in turn, on his immigration status and willingness to appear there if necessary. The parties take distinct positions on these issues and differ as to their legal and practical ramifications.

Fortunately, to avoid unjust results, a dismissal on *forum non conveniens* grounds can be granted conditionally.  <u>See</u>, <u>e.g.</u>, <u>Ford</u>, 319 F.3d at 1310-11; <u>Robinson v. TCI/West Comms., Inc.</u>, 117

---

at 752.  (New Hampshire forum's interest in issues regarding injuries allegedly occurring <u>in</u> <u>state</u> militates against dismissal despite applicability of Jamaican law).

F.3d 900, 907 (5th Cir. 1997); <u>Contact Lumber Co. v. P.T. Moges</u>
<u>Shipping Co., Ltd.</u>, 918 F.2d 1446, 1450 (9th Cir. 1990); <u>Pain v.</u>
<u>United Techs. Corp.</u>, 637 F.2d 775, 785 (D.C.Cir. 1980);
<u>Farmanfarmaian v. Gulf Oil Corp.</u>, 437 F.Supp. 910, 928 (S.D.N.Y
1977), <u>aff'd</u>, 588 F.2d 880 (2d Cir. 1978).  In order to prevent
the potential injustice of any efforts by the defendant to avoid
the jurisdiction of the St. Martin court, comply less than fully
with its orders, or fail to satisfy any judgment against him,
that is the approach the court will take in this case.

The defendant's motion to dismiss under the doctrine of
*forum non conveniens* is granted, subject to the following
conditions:  (1) that the defendant submit to the jurisdiction of
the competent court in St. Martin chosen by the plaintiff and
submit to valid service of process with respect to that action
within 90 days of this dismissal; (2) that the defendant waive
any statute of limitations-based defense that would not have been
available had this court retained jurisdiction; and (3) that, on
or before the defendant's acceptance of service of process, the
defendant produce a letter of guaranty from the insurance carrier
providing his defense stating that a judgment by the St. Martin
court, if rendered, will be satisfied subject to the applicable
policy limits.  Upon a showing by the plaintiff that any of these
conditions has not been met, the dismissal will be vacated, and

16

this court will resume jurisdiction.  The clerk shall

administratively close the case.

      **SO ORDERED**.

                                 _____

                                 Joseph N. Laplante
                                 United States District Judge

Dated:  May 28, 2008

cc:  Curt Obront, Esq.
     Paul A. McKenna, Esq.
     Paul A. Rinden, Esq.
     Debra L. Mayotte, Esq.

17